UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re ALEXANDER ALONSO MORALES,<br><br>                    Petitioner, | Case No. 2:26-cv-01398-ART-MDC<br><br>ORDER |

Petitioner Alexander Alonso Morales, an immigration detainee challenging his federal detention at the Henderson Detention Center, filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition").) Petitioner has not named a respondent, and the Court cannot determine under what statutory authority Petitioner is detained or what constitutional claims he may have, so the Court defers ruling on the Petition. However, the Court finds that the appointment of counsel is in the interests of justice due to the potential complexities of this case and will permit counsel to file an amended petition if warranted.[1] The Court also directs that the Petition be served on the United States Attorney's Office for the District of Nevada ("USAO").

It is therefore ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within seven days of the date of this Order. If the FPD is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance

---

[1] Petitioners seeking habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

in this matter, it (1) will then have 30 days from the date of this Order to file either an amended petition or a motion to dismiss the Petition, (2) shall effectuate service of the amended petition, if one is filed, on Respondents, and (3) shall file a motion for leave to proceed *in forma pauperis* on Petitioner's behalf.

It is further kindly ordered that the Clerk of Court:

1. File the Petition (ECF No. 1-1).

2. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

3. Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

4. Add Reggie Rader, Chief of Police, Henderson, Nevada, to the docket as an Interested Party.

5. Mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Reggie Rader, Henderson Detention Center, 18 E. Basic Road, Henderson, NV 89015.

6. Send, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to counsel for Respondent Reggie Radar, at christian.orme@cityofhenderson.com

It is further ordered that the USAO must file a notice of appearance within 7 days of the date of this order and file and serve the respondents' answer to the amended petition, if one is filed, within 7 days of service of the filing of that amended petition. The respondents must file any documents referenced or relied

upon in their responsive pleading with that pleading. The petitioner will have 7 days to file a reply.

It is further ordered that the USAO produce the following documents to the FPD (or certify that such documents are not in their custody or control) within 7 days of the date of this order:

1.    I-200 Warrant for Arrest of Alien

2.    Form I- 286 Initial Custody Determination

3.    I-862 Notice to Appear

4.    Form I-213 Record of Deportable or Inadmissible Alien

5.    All immigration court orders in the petitioner's removal proceeding

6.    Documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner

7.    Transcripts and/or audio recordings of any custody redetermination proceedings[2]

It is further ordered that the respondents must not transfer the petitioner out of this district unless the Court grants a motion or stipulation to modify this order.

DATED THIS 13th Day of May, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (finding that courts may require the production of evidence if necessary to "dispose of the matter as law and justice require"); Rule 6 of the Rules Governing § 2254 Cases (permitting the production of evidence upon good cause shown).